IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL ACTION NO. 6:04CR82 |
| TIMOTHY RINEHART | § | |

REPORT AND RECOMMENDATION ON
REVOCATION OF SUPERVISED RELEASE

      The Government moved to revoke Defendant Timothy Rinehart's supervised release based on violations of his supervised release conditions. The Defendant waived his right to a revocation hearing and pleaded "true" to the allegation in the petition stating that he failed to attend a scheduled sex offender counseling appointment on March 13, 2008. It is the recommendation of the undersigned that the plea be accepted and that the Defendant be sentenced to serve ten months of imprisonment to be followed by eighteen months of supervised release, to include six months of community confinement.

*Background*

      After pleading guilty to the offense of Possession of Child Pornography, Defendant was sentenced on August 15, 2005, by the Honorable William M. Steger, United States District Judge, Eastern District of Texas, to sixty months of imprisonment to be followed by three years of supervised release. His sentence was later reduced to fifty-one months of imprisonment to be

followed by three years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised release on February 19, 2008.

*The Allegations*

In the Petition, United States Probation Officer Charley Fuller alleges that Defendant violated the conditions of his supervised release that state: (1) the defendant shall reside in a community confinement center, halfway house or similar facility, in a prerelease component for a period of 180 days, to commence immediately upon release from confinement and he shall observe the rules of that facility and pay subsistence in accordance with Bureau of Prisons policy; and (2) the defendant shall participate in a sex offender treatment program under the guidance and direction of the U.S. probation office, which may include the application of physiological testing instruments to determine appropriate treatment and he shall pay any cost associated with treatment and testing.

Mr. Fuller alleges that Defendant violated community confinement center rules by possessing prohibited material. More specifically, the facility rules state that no resident will be allowed to have any books, pictures, etc. that are considered pornographic and Defendant allegedly possessed numerous pornographic stories describing in detail the sexual assault of children. In addition, Defendant allegedly ordered a catalog that was mailed to him at the community confinement center that depicted photographs of nude children. Finally, Mr. Fuller alleges that Defendant failed to attend a scheduled sex offender counseling appointment on March 13, 2008.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. In the present case, the Defendant's original offense

was a Class D felony; accordingly, the maximum sentence the Court may impose is two years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by violating community confinement center rules by possessing prohibited material or by failing to attend a scheduled sex offender counseling appointment as alleged, he is guilty of committing a Grade C violation. U.S.S.G. §7B1.1(a). The Defendant's original criminal history category was IV. The Guidelines, therefore, provide that the Defendant's guideline range for a Grade C violation is six to twelve months. U.S.S.G. §7B1.4(a).

*The Hearing*

On May 1, 2008, the Defendant appeared for his final revocation hearing represented by Assistant Federal Defender Ken Hawk. After the Court explained to the Defendant his right to a hearing, the Defendant waived his right to a revocation hearing and entered a plea of "true" to the allegation that he failed to attend a scheduled sex offender counseling appointment on March 13, 2008. Defendant asked for a recommendation to the Bureau of Prisons to confine him at the facility nearest to Des Moines, Iowa. Defendant additionally explained that an agreement had been reached with the Government to seek a sentencing recommendation of ten months of imprisonment to be followed by eighteen months of supervised release, with the term of supervised release to include six months in a community confinement facility.

---

[1] It is noted that the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) does not affect revocations of supervised release. *See United States v. Edwards*, 400 F.3d 591 (8th Cir.2005); *United States v. Brown*, 2005 WL 518704 (4th Cir.2005); *United States v. Calderon*, 2005 WL 319115 (10th Cir.2005). The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *Brown*, 2005 WL 518704, slip op. p. 1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only).

*Findings and Conclusions*

I find that Defendant was competent and that his plea and waiver of the Revocation Hearing were knowingly and voluntarily made. I accept the Defendant's plea and find by a preponderance of the evidence that the allegation made by the Government that Defendant failed to attend a scheduled sex offender counseling appointment on March 13, 2008 is true. Defendant is guilty of a Grade C supervised release violation and his term of supervised release should be revoked. I further find and conclude that Defendant should be sentenced to ten months of imprisonment to be followed by eighteen months of supervised release, with the term of supervised release to include six months in a community confinement facility, and a recommendation should be made to the Bureau of Prisons to confine Defendant at the facility closest to Des Moines, Iowa. In addition to the standard conditions that have been adopted by the Court, Defendant's conditions of supervised release should include the following additional conditions:

> The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his efforts to obtain and maintain lawful employment.
>
> Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological or mental health treatment as deemed appropriate by the treatment provider.
>
> The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.
>
> Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.
>
> The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

>The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.  The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.
>
>The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2).
>
>The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.
>
>The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to ten months of imprisonment to be followed by eighteen months of supervised release, with the term of supervised release to include six months of residence in a community confinement center or similar facility.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of ten months of imprisonment to be followed by eighteen months of supervised release, with the term of supervised release to include six months in a community confinement center or similar facility and a recommendation to the Bureau of Prisons to confine Defendant at the facility nearest to Des Moines, Iowa.  It is additionally recommended that the Judgment and Commitment provide that Defendant report to the Bureau of Prisons when designated, or no later than ninety days from the date of the Judgment.

So **ORDERED** and **SIGNED** this  1   day of  **May, 2008.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE