IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL ACTION NO. 6:04cr82(1) |
| TIMOTHY RINEHART | § | |

### REPORT AND RECOMMENDATION ON
### REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Timothy Rinehart's supervised release based on violations of his supervised release conditions. The Defendant waived his right to a revocation hearing and pleaded "true" to the allegations in the petition with the exception of the allegation that he possessed or viewed images depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2). It is the recommendation of the undersigned that the plea be accepted and that the Defendant be sentenced to serve 14 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of possession of child pornography, the Defendant was sentenced on August 15, 2005, by the Honorable William M. Steger, United States District Judge, to 60 months imprisonment to be followed by 3 years of supervised release. An amended judgment was entered by the Honorable Michael Schneider, United States District Judge, on March 29, 2007, reducing Defendant's sentence to 51 months imprisonment to be followed by 3 years of supervised release. Defendant completed his term of imprisonment and began serving his term of supervised

release on February 19, 2008. Defendant's supervised release was subsequently revoked on May 2, 2008 and Defendant was sentenced to 10 months imprisonment to be followed by 18 months of supervised release. Defendant's conditions of supervised release included a requirement that he serve 180 days in community confinement. Defendant completed his term of imprisonment and began serving his term of supervised release on April 14, 2009.

*The Allegations*

United States Probation Officer Charley Fuller alleges that the Defendant violated the conditions of his supervised release that state: (1) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (2) the defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility; (3) the defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. Section 2256(2); and (4) the defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with Internet capability; computers, computer peripherals, laptop computers; iPods; Personal Digital Assistants (PDA's); portable data storage devices such as thumb drives and flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection; and defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

More specifically, Mr. Fuller alleges that Defendant was found to be in possession of a cellular phone on May 19, 2009 and told Mr. Fuller that a friend he worked with a long, long time ago loaned the phone to him. Mr. Fuller submits that he contacted the owner of the phone and learned that

Defendant met the individual on May 18, 2009 while Defendant was on unapproved travel from the residential reentry center.  According to Mr. Fuller, Defendant signed out of the residential reentry center on May 19, 2009, and indicated to staff that he would travel by Tyler Transit to Advance Temporary Services, Bodacious BBQ, and the Texas Workforce Commission, but Defendant also traveled to a cellular telephone store, Metro PCS, and traveled to the Texas Workforce Commission in an automobile that he was not approved to drive.

Next, Mr. Fuller alleges that Defendant was found to be using a computer with Internet access at the Texas Workforce Commission in Tyler, Texas, and Defendant viewed numerous pictures of minors engaged in sexually explicit conduct.  Mr. Fuller states that Defendant made Google searches of the following: spanking boy genitals; piercing boy child genitals; bare boy butt; boy circumcision; naked boy child; and boy genital.  Mr. Fuller also asserts that while Defendant was at the Texas Workforce Commission on May 19, 2009, he was found to be in possession of a cellular telephone that had photographic capability and Internet capability.  Finally, Mr. Fuller alleges that Defendant did repair work on a computer belonging to Anthony Solomon, the manager of the Metro PCS store located at 5503 South Broadway, Tyler, Texas, on May 18 and May 19, 2009.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  In the present case, Defendant's original offense was a Class D felony; accordingly, the maximum sentence the Court may impose is two years imprisonment.  18 U.S.C. § 3583(e).  Defendant served 10 months of imprisonment following the revocation of his supervised release on May 2, 2008.

Under the Sentencing Guidelines,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of committing a Grade C violation. U.S.S.G. §7B1.1(a). The Defendant's original criminal history category was IV. The Guidelines, therefore, provide that the Defendant's guideline range for a Grade C violation is 6 to 12 months. U.S.S.G. §7B1.4(a). Pursuant to U.S.S.G. § 7B1.3(d), any period of unserved community confinement may be converted to an equivalent period of imprisonment to be served in addition to any term of imprisonment imposed under U.S.S.G. § 7B1.4. Defendant has an outstanding balance of 143 days of unserved community confinement.

*The Hearing*

On June 23, 2009, Defendant appeared for a detention and preliminary hearing represented by Assistant Federal Public Defender Wayne Dickey. After the Court explained to the Defendant his right to a revocation hearing, Defendant waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition with the exception of the allegation that he viewed images depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2). Defendant and the Government stated that an agreement was reached for Defendant to enter a plea of "true" to the allegations in the petition, with the exception of the allegation that he possessed or viewed images depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), and to jointly request a sentence of 14 months

---

[1] It is noted that the decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) does not affect revocations of supervised release. *See United States v. Edwards*, 400 F.3d 591 (8th Cir.2005); *United States v. Brown*, 2005 WL 518704 (4th Cir.2005); *United States v. Calderon*, 2005 WL 319115 (10th Cir.2005). The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *Brown*, 2005 WL 518704, slip op. p. 1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); *see also United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only).

imprisonment with no further supervised release.  The Government agreed to withdraw the allegation that Defendant violated his conditions by possessing or viewing any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2).  Defendant requested a recommendation to the Bureau of Prisons to confine him at USP Marion.

*Findings and Conclusions*

I find that Defendant was competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition, with the exception of the allegation that Defendant viewed or possessed images depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2), are true. Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that Defendant should be sentenced to 14 months of imprisonment with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's term of supervised release be **REVOKED** and that he be sentenced to 14 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified the Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the

Report and Recommendation. It is, therefore, recommended that the Court revoke the Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 14 months, with no further supervised release, with a recommendation to the Bureau of Prisons to designate him to USP Marion.

So **ORDERED** and **SIGNED** this **24** day of **June, 2009.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE